UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CARRINGTON WALKER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE OF )<br>AMERICA, INC., )<br>)<br>Defendant. ) | Case: 1:23-cv-01256<br><br>Jury Trial Demanded |

# COMPLAINT

**NOW COMES** Plaintiff, Carrington Walker ("Plaintiff"), by and through the undersigned counsel, hereby filing this Complaint against United Parcel Service of America, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Carrington Walker resided in McLean County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, United Parcel Service of America, Inc. was a corporation doing business in and for McLean County whose address is 2020 Cabintown Road, Bloomington, IL 61701.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant as a package handler on or around June 29, 2022 until her unlawful constructive discharge on or around December 5, 2022.

12. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

13. Plaintiff is female and is a member of a protected class because of her sex.

14. Since at least August 10, 2022 through December 5, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex in violation of Title VII.

15. On or around August 10, 2022, Plaintiff's direct supervisor Jeremy (LNU, male) began to sexually harass Plaintiff.

16. At first, Jeremy asked Plaintiff on a date.

17. Plaintiff, uncomfortable that her direct supervisor was attempting to pursue a supervisor-subordinate romantic relationship with her, politely declined.

18. Plaintiff told Jeremy, "I have a significant other and I would not like to partake in any relationship at work other than a professional one."

19. Jeremy did not like Plaintiff's response and proceeded to ignore her.

20. Despite Plaintiff's response, Jeremy would not take "no" for an answer.

21. Jeremy continued to pursue Plaintiff romantically and sexually while at Defendant's workplace.

22. On one occasion, Jeremy purchased Plaintiff a drink and insisted she take a sip of it.

23. Plaintiff told Jeremy that she did not want a drink because she had one of her own, but Jeremy persisted, telling Plaintiff to take the drink because, "you [Plaintiff] deserve it."

24. Other similarly situated employees outside of Plaintiff's protected class (non-female) were not subject to the same disparate treatment as Plaintiff.

25. At a certain point, Jeremy's advances became so disruptive to Plaintiff's ability to perform her job or feel safe at work and she engaged in protected activity to report Jeremy's conduct to Defendant.

26. When Plaintiff reported Jeremy to another supervisor, Brady (LNU, male), Brady assured Plaintiff that he would talk to Jeremy about his behavior.

27. Upon information and belief, Defendant failed to conduct an investigation into Plaintiff's complaint or take remedial action to prevent further harassment and discrimination of Plaintiff.

28. In fact, Plaintiffs further complaints against Jeremy were ignored by Defendant and she was forced to continue working her shifts with him.

29. Plaintiff experienced severe mental anguish on account of her complaints not being taken as serious by Defendant.

30. Plaintiff attempted to resolve the situation with Jeremy herself numerous times due to Defendant's inaction, telling him to stay as far away as possible from her at work.

31. However, in response to Plaintiff standing up for herself and for filing complaints, Jeremy would threaten Plaintiff's employment, initiate verbal altercations, and make disparaging remarks about Plaintiff to other coworkers.

32. As a result of the persistent sex-based discrimination and harassment, Defendant's

work environment had become so hostile that no reasonable person would be able to continue working there.

33.    Ultimately, on or around December 5, 2022, Plaintiff's employment was constructively terminated.

34.    Plaintiff was subject to discrimination and harassment on the basis of her sex, female.

35.    Plaintiff engaged in protected activity when she reported her supervisor's conduct to Defendant.

36.    The disparate treatment of Plaintiff continued to the point that it became unbearable to work at Defendant's workplace.

37.    Plaintiff suffered multiple adverse employment actions including, but not limited to, being constructively terminated.

38.    There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

39.    Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her supervisor about the harassment.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

40.    Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

41.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

42. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

43. Defendant knew or should have known of the harassment.

44. The sexual harassment was severe or pervasive.

45. The sexual harassment was offensive subjectively and objectively.

46. The sexual harassment was unwelcomed.

47. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT II
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

49. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

51. Plaintiff met or exceeded performance expectations.

52. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

53. Defendant constructively terminated Plaintiff's employment on the basis of Plaintiff's sex.

54. Plaintiff is a member of a protected class under Title VII due to Plaintiff's sex.

6

55. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

57. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

58. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

59. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and/or sex-based discrimination.

60. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

61. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and/or sex-based discrimination.

62. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and/or harassing conduct complained of by Plaintiff.

63. Plaintiff's suffered an adverse employment action in retaliation for engaging in a protected activity.

64. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting

the sexual harassment and/or sex-based discrimination thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

65. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

66. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

    f.    Injunctive relief;

    g.    Liquidated damages;

    h.    Punitive damages;

    i.    Reasonable attorney's fees and costs; and

    j.    For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of July, 2023.

/s/ *Alexander J. Taylor*
**Alexander J. Taylor, Esq.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 272-1942
Fax (630) 575 - 8188
E-mail: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*